967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Vernon ANDERSON, Defendant-Appellant.
 No. 91-50659.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Vernon Anderson appeals his sentence, imposed following conviction on a guilty plea, for armed bank robbery of a financial institution, in violation of 18 U.S.C. §§ 2113(a) and (d). Anderson contends that the district court erred by denying him a downward departure from the applicable range under the United States Sentencing Guidelines based upon an erroneous belief that it had no authority to do so. We affirm.
 
 
 3
 "Although a district court's decision not to depart normally is not reviewable, we will review de novo a district court's legal determination that the Guidelines prevent departure if the court indicated it would otherwise have departed." United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992) (citation omitted).
 
 
 4
 At sentencing, Anderson requested that the district court depart downward from the applicable guidelines sentencing range because his criminal history category over-represented the seriousness of his criminal history. The district court entertained briefs, heard oral arguments on the appropriateness of a downward departure, and declined to depart downward. Based upon an adjusted offense level of 32 and criminal history category of VI, Anderson's sentencing range was 210 to 262 months. See U.S.S.G. § 5A. Prior to imposing a sentence of 210 months, the district court stated:
 
 
 5
 I think the defense argument for a downward departure is really nothing more than a quarrel with the career offender categorization. What you are saying is that it's just too harsh to classify someone as a career offender on the basis of two felonies of the kind involved here. That's an argument that you have to address to the sentencing commission or to Congress not to the court. Again I don't think that's a proper downward departure in this case. It's just a quarrel with the guidelines themselves. So for those reasons I reject the defendant's contentions, one that the career offender category is not proper; and two, that this is an appropriate case for downward departure.
 
 
 6
 (RT 9/9/91 at 13).
 
 
 7
 Because the district court's decision not to depart did not rest on the judge's belief that it lacked authority to do so, we decline to review Anderson's request for a downward departure. See Belden, 957 F.2d at 676.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3